**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**POLLY CHESTER**                                                                                                        **PLAINTIFF**

**V.**                                                                           **CIVIL ACTION NO.1:07CV132 LTS-JMR**

**STATE FARM FIRE AND CASUALTY CO.,
and VERNON McHAN, SR., ET AL.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it three motions:  Plaintiff Polly Chester's (Chester) motion [8] to remand this action to the Circuit Court of Hancock County, Mississippi; Chester's motion [16] for entry of an order of remand; and Defendants State Farm Fire and Casualty Company (State Farm) and Defendant Vernon McHan, Sr.'s (McHan) motion [34] to dismiss the allegations of the complaint that pertain to McHan individually.

Chester owns a residential property situated at 405 Saint Jude Street, Waveland, Mississippi.  The plaintiff's property was insured under a homeowners policy issued by State Farm (policy number 24-CL-5621-1) providing coverage limits of $60,800 (Dwelling), $6,080 (Dwelling Extension), $45,600 (Personal Property), and coverage for loss of use.  This policy covered the peril of windstorm and excluded the peril of flood.  Chester purchased this policy in April, 2002, about the time Chester purchased the insured property.  The policy inception date is April 12, 2002, and the policy has been renewed annually.

Chester filed this action in the Circuit Court of Hancock County, Mississippi, and the defendants removed the action to this court on grounds of diversity of citizenship and the requisite amount in controversy.  Plaintiff's motion to remand challenges the propriety of the removal and the Court's subject matter jurisdiction under 28 U.S.C. §1332.  Both Chester and Defendant McHan, State Farm's local agent, are resident citizens of Mississippi, and if Chester has stated a cause of action against McHan, the complete diversity of citizenship necessary to establish this Court's subject matter jurisdiction is absent.

State Farm asserts that Chester has no valid grounds to proceed on her claims against McHan and that McHan has been improperly joined to defeat this Court's diversity jurisdiction.  In order to evaluate these assertions I must apply a very liberal standard.  Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiff all reasonable inferences in support of her claims based upon those facts.  I must also resolve all doubtful issues of state law in favor of the plaintiff.  The complaint against the non-diverse defendant, McHan, may be dismissed only if the facts Chester has alleged are insufficient, if proved, to establish a right of recovery against him. *Bell Atlantic Corp. v. Twombly*, 75 USLW

4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) In reaching the merits of this matter the Court may consider evidence outside the pleadings and treat the motions as motions for summary judgment under F.R.Civ.P. 56.  I will do so in this case, taking into consideration the affidavit of McHan.

Under this liberal standard, misjoinder or fraudulent joinder is an issue on which the removing party has the burden of proof.  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981);  *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp*., 199 F.3d 239 (5th Cir. 2000).  Thus, in order to establish that removal is proper, State Farm and McHan must demonstrate that Chester has not alleged facts sufficient to support a reasonable belief that she may prevail on the merits of her claim against McHan.  The facts alleged must be sufficient to raise a claim for relief above the speculative level, assuming that all the facts alleged are true, even if those facts may be doubtful.  *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Chester's substantive complaints against McHan involve two basic allegations of misconduct:

1) that McHan misrepresented the coverage of the State Farm policies he sold to Chester, by failing to tell Chester that the homeowners policy excluded coverage for flood damage (Complaint Paragraphs 75 and 83) (Chester contends that McHan' failure to give her this notification constitutes an actionable negligent misrepresentation); and

2) that McHan "failed to procure flood insurance for the plaintiff" (Complaint Paragraph 14) and "failed to inform the Plaintiff that flood insurance was available for an inexpensive premium compared to the protection it may have afforded her." (Complaint Paragraph 15) (Chester contends that McHan's failure to give her this information constitutes actionable negligence).

Chester alleges that McHan stood in a fiduciary relationship with her at the time they did business, but Chester has alleged no facts which would support a finding that such a relationship existed.

In *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007) the Court held that under Mississippi law an insured has an affirmative duty to read his policy and that the insured is charged with constructive knowledge of the contents of his policy whether he reads it or not.  Under this holding, Chester is charged with knowledge of the flood damage exclusion in his homeowners policy, and McHan's failure to invite her

attention to that specific policy provision is not sufficient to establish actionable negligence on the part of McHan.

McHan's affidavit (Exhibit B to the defendants' Memorandum in Opposition to the Motion To Remand) indicates that Chester "decided and approved" the amount of coverage under the State Farm homeowners policy she purchased. This statement is uncontradicted in the record before me. McHan's affidavit further states that Chester "never requested flood insurance." Finally, McHan's affidavit indicates that the annual renewal letter to State Farm policy holders contains a "special notice" concerning the procedure for acquiring flood insurance under the National Flood Insurance Program. Chester does not allege that McHan misinformed her concerning the availability of flood coverage, and since McHan secured the coverage Chester asked for, I do not believe Chester's allegations against McHan concerning his failure to procure flood coverage can support a claim of negligence.

Even if McHan never told Chester the cost of additional flood coverage, the complaint makes no allegation that Chester made any inquiry on this point. Where no such inquiry is alleged, the mere failure to take the affirmative step of informing the prospective insured as to the cost of coverage she (the insured) has not requested is, in my opinion, insufficient to support a claim of negligence.

In addition to these considerations, McHan has stated in his affidavit that the transactions with Chester took place in April 2002, over three years before Hurricane Katrina. Under the holding in *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 440 (5th Cir. 2007), any claim based on a misrepresentation made by an insurance agent becomes time barred three years from the date the misrepresentation is made.

For these reasons, I am of the opinion that Chester has not alleged facts sufficient, if proved, to establish a right of recovery against McHan. An order dismissing Chester's complaint against McHan and denying Chester's motion to remand will therefore be entered.

**DECIDED** this 6th day of March, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE